HEATHER E. WILLIAMS, SBN 122664
Federal Defender
MIA CRAGER, SBN 300172
MEGHAN McLOUGHLIN, SBN 354051
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ROBERT ALLEN POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:21-CR-00111-WBS |
| Plaintiff, | ) ) | **DEFENDANT'S PROPOSED JURY** |
| vs. | ) ) | **INSTRUCTIONS** |
| ROBERT ALLEN POOLEY, | ) ) | Date:  May 15, 2024 |
| Defendant. | ) | Time: 9:00 a.m. |
| | ) ) | Judge: Hon. William B. Shubb |
| | ) | |

The Defendant, by and through his attorneys Mia Crager and Meghan D. McLoughlin, Assistant Federal Defenders, respectfully requests that the Court include in its standard charge to the jury the following instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2024 Edition). Proposed changes to the Ninth Circuit Model Jury Instructions are noted in bold. The Defendant requests permission to supplement these instructions depending on the evidence submitted at trial:

**Preliminary Instructions**

1.1.    Duty of Jury

1.2.    The Charge—Presumption of Innocence

1.3.    What is Evidence

1.4.    What is Not Evidence

1.5.    Direct and Circumstantial Evidence

1.7.    Credibility of Witnesses

**Instructions During Trial**

2.12.    Evidence for Limited Purpose

**Consideration of Particular Evidence**

3.1.    Statements by Defendant or Codefendants

3.8.    Impeachment Evidence – Witness

3.9.    Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea

3.13.    Deported Material Witness

3.16.    Charts and Summaries Not Admitted into Evidence

3.17.    Charts and Summaries Admitted into Evidence

**Responsibility**

4.8.    Knowingly

**Jury Deliberations**

6.1.    Duties of Jury to Find Facts and Follow Law

6.2.    Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

6.3.    Defendant's Decision Not to Testify

6.4.    Defendant's Decision to Testify

6.5.    Reasonable Doubt—Defined

6.6.    What is Evidence

1    6.7.    What is Not Evidence

2    6.8.    Direct and Circumstantial Evidence

3    6.9.    Credibility of Witnesses

4    6.10.   Activities Not Charged

5    6.11.   Separate Consideration of Multiple Counts—Single Defendant

6    6.19.   Duty to Deliberate

7    6.20.   Consideration of Evidence – Conduct of the Jury

8    6.21.   Use of Notes

9    6.23.   Verdict Form

10   6.24.   Communications with the Court

11                     **Fraud, Access Device, and Computer Offenses**

12   15.9.   Fraud in Connection with Identification Documents—Aggravated Identity Theft

13   (18 U.S.C. § 1028A)

14   15.35.  Wire Fraud (18 U.S.C. § 1343)

15   <u>ADDITIONAL INSTRUCTIONS DURING TRIAL</u>

16       The Defendant requests permission to supplement these instructions depending on the

17   evidence presented during the trial.

18

19                                   Respectfully submitted,
                                     HEATHER E. WILLIAMS
20                                   Federal Defender

21   Date*:* May 6, 2024             */s/  Meghan D. McLoughlin*
                                     MEGHAN D. McLOUGHLIN
22                                   MIA CRAGER
                                     Assistant Federal Defenders
23                                   Attorneys for Defendant
                                     ROBERT ALLEN POOLEY
24

25

26

27

28

Defendant's Proposed Jury Instructions          -3-

1    REQUESTED JURY INSTRUCTION NO. __

2         Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you

3    something about your duties as jurors and to give you some preliminary instructions.  At the end

4    of the trial, I will give you more detailed [written] instructions that will control your

5    deliberations.

6         When you deliberate, it will be your duty to weigh and to evaluate all the evidence

7    received in the case and, in that process, to decide the facts.  To the facts as you find them, you

8    will apply the law as I give it to you, whether you agree with the law or not.  You must decide

9    the case solely on the evidence and the law before you.

10        Perform these duties fairly and impartially.  You should not be influenced by any

11   person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity,

12   gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal

13   likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious

14   biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously

15   reject but may be expressed without conscious awareness, control, or intention.  Like conscious

16   bias, unconscious bias can affect how we evaluate information and make decisions.

21   9TH CIR. CRIM. JURY INST. 1.1 (2024) (Approved 12/2019)
22   THE CHARGE – PRESUMPTION OF INNOCENCE
     Defendant's Proposed Jury Instruction No. ____
     GIVEN _____
23   GIVEN AS MODIFIED _____
     REFUSED _____
24   WITHDRAWN _____

27                                    _____

                                          JUDGE

28

REQUESTED JURY INSTRUCTION NO. __

This is a criminal case brought by the United States government. The government charges the defendant with [*specify crime[s] charged*]. [**Read neutral statement of the case**.]   **This statement** is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge[s] and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

[To help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] that the government must prove to make its case: [*supply brief statement of elements of crime[s]*].]

9TH CIR. CRIM. JURY INST. 1.2 (2024) (Approved 9/2019)
THE CHARGE - PRESUMPTION OF INNOCENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions

-5-

REQUESTED JURY INSTRUCTION NO. __

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; [and]

(2) the exhibits that are received in evidence[.] [; and]

[(3) any facts to which the parties agree.]

9TH CIR. CRIM. JURY INST. 1.3 (2024) (Approved 9/2019)
WHAT IS EVIDENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN_____
GIVEN AS MODIFIED_____
REFUSED_____
WITHDRAWN _____

_____
JUDGE

REQUESTED JURY INSTRUCTION NO. __

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.


**Proposed Curative Instruction**

**You just heard [the witness] reference [the death of Yonghyeon Kwon] [a skydiving accident during Summer 2016].  You are to disregard this statement.  The [death] [accident] has no bearing on the elements of the offenses with which Mr. Pooley is charged.  There are also no allegations that anything Mr. Pooley did, either directly or indirectly, caused [the death] [the accident], and you are not to infer otherwise.**


9TH CIR. CRIM. JURY INST. 1.4 (2024) (Approved 9/2019)
WHAT IS NOT EVIDENCE; PROPOSED CURATIVE INSTRUCTION
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

REQUESTED JURY INSTRUCTION NO. __

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.5 (2024) (Approved 9/2019)
DIRECT AND CIRCUMSTANTIAL EVIDENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions                    -8-

REQUESTED JURY INSTRUCTION NO. __

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 1.7 (2024) (Approved 12/2019)
CREDIBILITY OF WITNESSES
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    REQUESTED JURY INSTRUCTION NO. __

2          **I told you at the beginning of the trial some evidence may be received for a limited**

3    **purpose. This is an example of one of those times.**

4          **You [just heard evidence] [are about to hear evidence] that [Yonghyeon Kwon died**

5    **while tandem skydiving on August 6, 2016] [Yonghyeon Kwon was in a skydiving accident**

6    **on August 6, 2016].  The [death] [accident] has no bearing on the elements of the offenses**

7    **with which Mr. Pooley is charged.  There are also no allegations that anything Mr. Pooley**

8    **did, either directly or indirectly, caused [the death] [the accident], and you are not to infer**

9    **otherwise.**

10         **I instruct you that this evidence is admitted only for the limited purpose of**

11   **[permissible purpose] and, therefore, you must consider it only for that limited purpose**

12   **and not for any other purpose.**

19   9TH CIR. CRIM. JURY INST. 2.12 (2024) (Approved 8/2023)

20   EVIDENCE FOR LIMITED PURPOSES
     Defendant's Proposed Jury Instruction No. _____

21   GIVEN _____
     GIVEN AS MODIFIED _____

22   REFUSED _____
     WITHDRAWN _____

25                                          _____

26                                          JUDGE

Defendant's Proposed Jury Instructions          -10-

1    REQUESTED JURY INSTRUCTION NO. __

2           **I told you at the beginning of the trial some evidence may be received for a limited**

3    **purpose. This is an example of one of those times.**

4           **You [just heard evidence] [are about to hear evidence] that Mr. Pooley's Tandem**

5    **Examiner Rating was suspended in 2014.**

6           **I instruct you that this evidence is admitted only for the limited purpose of showing**

7    **Mr. Pooley's knowledge that UPT and the Parachute Association have rules and guidelines,**

8    **and that they enforce those rules and guidelines. Therefore, you must consider it only for**

9    **that limited purpose and not for any other purpose.**

10          **You may not use it to infer that, because Mr. Pooley violated rules or guidelines in**

11   **2014, he must have violated them again.**

12

13

14

15

16

17

18

19

20   9TH CIR. CRIM. JURY INST. 2.12 (2024) (Approved 8/2023)
     EVIDENCE FOR LIMITED PURPOSES

21   Defendant's Proposed Jury Instruction No. _____
     GIVEN _____

22   GIVEN AS MODIFIED _____
     REFUSED _____

23   WITHDRAWN _____

24

25

26                                                    _____
                                                      JUDGE

27

28
     Defendant's Proposed Jury Instructions              -11-

REQUESTED JURY INSTRUCTION NO. __

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 3.1 (2024) (Approved 8/2023)
STATEMENTS BY DEFENDANT OR CODEFENDANTS
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions                    -12-

REQUESTED JURY INSTRUCTION NO. __

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

9TH CIR. CRIM. JURY INST. 3.8 (2024) (Approved 3/2018)
IMPEACHMENT EVIDENCE - WITNESS
Defendant's Proposed Jury Instruction No. ____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions                    -13-

REQUESTED JURY INSTRUCTION NO. ___ / INSTRUCTION GIVEN

You have heard testimony from [*name of witness*], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

9TH CIR. CRIM. JURY INST. 3.9 (2024)
TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES –
IMMUNITY, BENEFITS, ACCOMPLICE, PLEA
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    REQUESTED JURY INSTRUCTION NO. ___

2           The government has failed to produce a witness whose testimony would have been material

3    to an issue in this case. You are allowed to infer that the testimony would have been favorable to

4    the defendant.

19   9TH CIR. CRIM. JURY INST. 3.13 (2024) (Approved 6/2018)

20   DEPORTED MATERIAL WITNESS
     Defendant's Proposed Jury Instruction No. _____

21   GIVEN _____
     GIVEN AS MODIFIED _____

22   REFUSED _____
     WITHDRAWN _____

25   _____

26   JUDGE

REQUESTED JURY INSTRUCTION NO. __

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 3.16 (2024) (Revised 3/2018)
CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

REQUESTED JURY INSTRUCTION NO. __

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

9TH CIR. CRIM. JURY INST. 3.17 (2024) (Revised 3/2018)
CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE
Defendant's Proposed Jury Instruction No. ____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

REQUESTED JURY INSTRUCTION NO. __

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 4.8 (2024) (Revised 9/2022)
KNOWINGLY
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions

REQUESTED JURY INSTRUCTION NO.\_\_

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 6.1 (2024) (Approved 5/2020)
DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW
Defendant's Proposed Jury Instruction No. \_\_\_\_
GIVEN \_\_\_\_\_
GIVEN AS MODIFIED \_\_\_\_\_
REFUSED \_\_\_\_\_
WITHDRAWN _____

_____
JUDGE

1    REQUESTED JURY INSTRUCTION NO. ___

2           The indictment is not evidence. The defendant has pleaded not guilty to the charge[s].

3    The defendant is presumed to be innocent unless and until the government proves the defendant

4    guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present

5    any evidence. The defendant does not have to prove innocence; the government has the burden

6    of proving every element of the charge[s] beyond a reasonable doubt.

18   9TH CIR. CRIM. JURY INST. 6.2 (2024) (Approved 12/2017)
19   CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE –
     BURDEN OF PROOF
20   Defendant's Proposed Jury Instruction No. _____
21   GIVEN _____
     GIVEN AS MODIFIED _____
22   REFUSED _____
     WITHDRAWN _____

25                                                      _____
                                                        JUDGE
26

Defendant's Proposed Jury Instructions                         -20-

REQUESTED JURY INSTRUCTION NO. ___

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

9TH CIR. CRIM. JURY INST. 6.3 (2024) (Approved 12/2017)
DEFENDANT'S DECISION NOT TO TESTIFY
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions

-21-

REQUESTED JURY INSTRUCTION NO. __

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 6.4 (2024)
DEFENDANT'S DECISION TO TESTIFY
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions                -22-

REQUESTED JURY INSTRUCTION NO. __

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 6.5 (2024) (Approved 9/2021)
REASONABLE DOUBT – DEFINED
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions

-23-

REQUESTED JURY INSTRUCTION NO. __

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; [and]

(2) the exhibits received in evidence[.] [; and]

[(3) any facts to which the parties have agreed.]

9TH CIR. CRIM. JURY INST. 6.6 (2024) (Approved 12/2017)
WHAT IS EVIDENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

REQUESTED JURY INSTRUCTION NO. __

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 6.7 (2024) (Approved 3/2018)
WHAT IS NOT EVIDENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

REQUESTED JURY INSTRUCTION NO. __

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 6.8 (2024) (Approved 12/2017)
DIRECT AND CIRCUMSTANTIAL EVIDENCE
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions                    -26-

1    REQUESTED JURY INSTRUCTION NO. __

2         In deciding the facts in this case, you may have to decide which testimony to believe and

3    which testimony not to believe. You may believe everything a witness says, or part of it, or none

4    of it.

5         In considering the testimony of any witness, you may take into account the following:

6         First, the opportunity and ability of the witness to see or hear or know the things testified

7    to;

8         Second, the witness's memory;

9         Third, the witness's manner while testifying;

10        Fourth, the witness's interest in the outcome of the case, if any;

11        Fifth, the witness's bias or prejudice, if any;

12        Sixth, whether other evidence contradicted the witness's testimony;

13        Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

14        Eighth, any other factors that bear on believability.

15        Sometimes a witness may say something that is not consistent with something else he or

16   she said. Sometimes different witnesses will give different versions of what happened. People

17   often forget things or make mistakes in what they remember. Also, two people may see the same

18   event but remember it differently. You may consider these differences, but do not decide that

19   testimony is untrue just because it differs from other testimony.

20        However, if you decide that a witness has deliberately testified untruthfully about

21   something important, you may choose not to believe anything that witness said. On the other

22   hand, if you think the witness testified untruthfully about some things but told the truth about

23   others, you may accept the part you think is true and ignore the rest.

24   / / /

25   / / /

26   / / /

27   / / /

28

Defendant's Proposed Jury Instructions          -27-

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 6.9 (2024) (Approved 12/2017)
CREDIBILITY OF WITNESSES
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    REQUESTED JURY INSTRUCTION NO. __

2           You are here only to determine whether the defendant is guilty or not guilty of the charge[s]

3    in the indictment. The defendant is not on trial for any conduct or offense not charged in the

4    indictment.

19   9TH CIR. CRIM. JURY INST. 6.10 (2024) (Approved 12/2017)
     ACTIVITIES NOT CHARGED
20   Defendant's Proposed Jury Instruction No. _____
     GIVEN _____
21   GIVEN AS MODIFIED _____
     REFUSED _____
22   WITHDRAWN _____

25                                          _____
26                                          JUDGE

Defendant's Proposed Jury Instructions          -29-

REQUESTED JURY INSTRUCTION NO. __

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

9TH CIR. CRIM. JURY INST. 6.11 (2024) (Approved 12/2017)
SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    REQUESTED JURY INSTRUCTION NO. __

2        When you begin your deliberations, elect one member of the jury as your [presiding juror]

3    [foreperson] who will preside over the deliberations and speak for you here in court.

4        You will then discuss the case with your fellow jurors to reach agreement if you can do so.

5    Your verdict, whether guilty or not guilty, must be unanimous.

6        Each of you must decide the case for yourself, but you should do so only after you have

7    considered all the evidence, discussed it fully with the other jurors, and listened to the views of

8    your fellow jurors.

9        Do not be afraid to change your opinion if the discussion persuades you that you should.

10   But do not come to a decision simply because other jurors think it is right.

11       It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12   you can do so after having made your own conscientious decision. Do not change an honest belief

13   about the weight and effect of the evidence simply to reach a verdict.

14       Perform these duties fairly and impartially. You should also not be influenced by any

15   person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity,

16   gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes

17   or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

18   Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject

19   but may be expressed without conscious awareness, control, or intention.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

Defendant's Proposed Jury Instructions          -31-

1         It is your duty as jurors to consult with one another and to deliberate with one another with

2   a view towards reaching an agreement if you can do so. During your deliberations, you should not

3   hesitate to reexamine your own views and change your opinion if you become persuaded that it is

4   wrong.

20   9TH CIR. CRIM. JURY INST. 6.19 (2024) (Approved 5/2020)
    DUTY TO DELIBERATE

21   Defendant's Proposed Jury Instruction No. _____
    GIVEN _____

22   GIVEN AS MODIFIED _____

23   REFUSED _____
    WITHDRAWN _____

26                                 _____

                                  JUDGE

REQUESTED JURY INSTRUCTION NO. __

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant's Proposed Jury Instructions

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 6.20 (2024) (Approved 12/2020)
CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY
Defendant's Proposed Jury Instruction No. ____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1    REQUESTED JURY INSTRUCTION NO. __

2         Some of you have taken notes during the trial. Whether or not you took notes, you should

3    rely on your own memory of what was said. Notes are only to assist your memory. You should

4    not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 6.21 (2024)
USE OF NOTES
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions

REQUESTED JURY INSTRUCTION NO. __

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 6.23 (2024)
VERDICT FORM
Defendant's Proposed Jury Instruction No. ____
GIVEN ____
GIVEN AS MODIFIED ____
REFUSED ____
WITHDRAWN _____

_____
JUDGE

Defendant's Proposed Jury Instructions

-36-

1    REQUESTED JURY INSTRUCTION NO. ___

2        If it becomes necessary during your deliberations to communicate with me, you may send

3    a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury

4    should ever attempt to communicate with me except by a signed writing, and I will respond to

5    the jury concerning the case only in writing or here in open court. If you send out a question, I

6    will consult with the lawyers before answering it, which may take some time. You may continue

7    your deliberations while waiting for the answer to any question. Remember that you are not to

8    tell anyone—including me—how the jury stands, numerically or otherwise, on any question

9    submitted to you, including the question of the guilt of the defendant, until after you have

10   reached a unanimous verdict or have been discharged.

19   9TH CIR. CRIM. JURY INST. 6.24 (2024)
20   COMMUNICATION WITH COURT
     Defendant's Proposed Jury Instruction No. _____
21   GIVEN _____
     GIVEN AS MODIFIED _____
22   REFUSED _____
     WITHDRAWN _____

25   _____
26   JUDGE

Defendant's Proposed Jury Instructions          -37-

REQUESTED JURY INSTRUCTION NO. __

The defendant is charged in Counts **5 and 6** of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [possessed] **and** [used] **the signature of Yuri Garmashov**;

**Second, the defendant knew that he used Mr. Garmashov's signature** without legal authority;[1]

**Third**, the defendant knew that the means of identification belonged to a real person; and

**Fourth**, the defendant did so during and in relation to **the wire fraud charged in Counts 1 through 4**.

A means of identification is used "during and in relation to" the **wire fraud charged in Counts 1 through 4** when the means of identification is used in a manner that is fraudulent or deceptive **toward the tandem instructor candidates,** and is at the crux of what makes the conduct criminal.

**Being "at the crux" requires more than a causal relationship between the means of identification and the wire fraud offense. It is not enough for the means of identification to facilitates the success of the fraudulent scheme or for it to be the but-for cause of its success. Unless you unanimously find that Mr. Garmashov's signature in the documents described in Counts 5 and 6 was "at the crux" of a fraudulent scheme on the tandem instructor candidates alleged in Counts 1 through 4, you must find Mr. Pooley not guilty on Counts 5 and 6.[2]**

//

---

[1] Brief of the United States, *Dubin v. United States*, 2023 WL 658110, at *30 (Jan 23, 2023) ("And while the [U.S. Supreme] Court has not itself reached the issue, [citation omitted] the government accepts that Section 1028A(a)(1) applies only if the defendant *knew* that he lacked 'lawful authority.'") (emphasis added).

[2] *Dubin v. United States*, 599 U.S. 110, 131 (2023) ("To be clear, being at the crux of the criminality requires more than a causal relationship, such as 'facilitation' of the offense or being a but-for cause of its 'success.'")

1        [The government need not establish that the [means of identification of another person]

2   [false identification document] was stolen.]  **The term "legal authority" means "permission to**

3   **act on that person's behalf in a way that is not contrary to the law."[3]**

4

5

6

7

8

9

10

11

12

13

14

15

16   9TH CIR. CRIM. JURY INST. 15.9 (2024) (Revised 8/2023)
     FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS –
17   AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A)
     Defendant's Proposed Jury Instruction No. _____
18   GIVEN _____
     GIVEN AS MODIFIED _____
19   REFUSED _____
     WITHDRAWN _____
20

21   Proposed changes to the model instruction are bolded.

22

23                                              _____
                                                JUDGE
24

25

26

27   _____

28   [3] *United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185–86 (9th Cir. 2015) (citation omitted).

REQUESTED JURY INSTRUCTION NO. __

The defendant is charged in Count**s 1 through 4** of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud **the tandem instructor candidates**, that is, the intent to deceive and cheat **them**; and

Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.]

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

/ / /

/ / /

Defendant's Proposed Jury Instructions

-40-

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate [or foreign] in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate [or foreign] wire communication must have actually occurred in furtherance of the scheme.

9TH CIR. CRIM. JURY INST. 15.35 (2024) (Revised 8/2023)
WIRE FRAUD (18 U.S.C. § 1343)
Defendant's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE