UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT ALLEN POOLEY,<br><br>　　　　　Defendant. | No. 2:21-CR-111 WBS<br><br><br>ORDER |

----oo0oo----

The government has moved for disclosure of witness Yuri Garmashov's text messages with defendant under Federal Rule of Criminal Procedure 26.2.  The defendant objects in part, arguing that portions of these texts should be redacted on two grounds.  First, defendant contends that certain texts sent by Garmashov are unrelated to his testimony and should be redacted under 26.2(c).  Second, defendant contends that the government cannot compel disclosure of his own texts under 26.2.  The government also objects to any in camera proceeding that would

1

1 | exclude the government at which the court would determine
2 | whether Garmashov's texts are related to his testimony.
3 |      Rule 26.2(c) reads:

> If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

9 |     Under the court's interpretation of this rule, the
10 | party requesting reciprocal discovery is not permitted to see
11 | any of the statements prior to the court's in camera inspection.
12 | Accordingly, the court overrules the government's objection to
13 | an in camera inspection excluding the government.
14 |     In order for the court to determine what portion of
15 | Garmashov's statements are unrelated to his testimony, defendant
16 | shall produce a list of those statements he claims are
17 | unrelated.
18 |     The government contends that it is entitled to receive
19 | defendant's own statements within the text message conversations
20 | with Garmashov.  It relies on <u>United States v. Losch</u>, No. CR-19-
21 | 00294-001-PHX-MTL, 2022 WL  2092535 (D. Ariz. June 9, 2022).
22 | However, that case is inapposite.  There, the government
23 | submitted text messages between FBI agents and potential
24 | witnesses for in camera review.  The government sought to redact
25 | all the texts from the government agent and left only the
26 | statements of the witnesses.  The court found as to one
27 | statement that "the context to this message is necessary to
28 | Defendant's full understanding" and then explained that

"additional context is necessary during the conversation" between the agent and another witness.  The court thus ordered the government to include the agent's text messages with these witnesses' statements.  Nothing in this case addresses disclosure of a defendant's own statements.

        The court notes that nothing in Rule 26.2 states that a moving party may demand statements of third parties where necessary to give context to the witness's statements. Moreover, the government has not pointed to any authority stating that it may compel disclosure of defendant's own statements to a witness under Rule 26.2.  The court is especially wary of requiring a criminal defendant to disclose his own statements and does not find that Rule 26.2 requires him to do so.  Accordingly, defendant may redact his own statements within the text conversations with Yuri Garmashov.

        IT IS SO ORDERED.

Dated:  May 22, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE