UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21CR00111 WBS |
| Plaintiff, | |
| v. | JURY INSTRUCTIONS GIVEN |
| ROBERT ALLEN POOLEY, | |
| Defendant. | |

Dated:  May 23, 2024          /s/K. Kirksey Smith
                             K. Kirksey Smith
                             Courtroom Deputy

1

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.  You must not read into these instructions or into anything that I may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

1   Instruction No. 2

2         The defendant has pled not guilty to the charges

3   against him in this case.  The defendant is presumed to be

4   innocent unless and until the government proves the defendant

5   guilty beyond a reasonable doubt.  In addition, the defendant

6   does not have to testify or present any evidence to prove his

7   innocence.  The government has the burden of proving every

8   element of the charges beyond a reasonable doubt.

1                        Instruction No. 3

2            Proof beyond a reasonable doubt is proof that leaves

3     you firmly convinced that the defendant is guilty.  It is not

4     required that the government prove guilt beyond all possible

5     doubt.

6            A reasonable doubt is a doubt based upon reason and

7     common sense and is not based purely on speculation.  It may

8     arise from a careful and impartial consideration of all the

9     evidence, or from lack of evidence.

10           If after a careful and impartial consideration of all

11    the evidence, you are not convinced beyond a reasonable doubt

12    that the defendant is guilty, it is your duty to find the

13    defendant not guilty.  On the other hand, if after a careful and

14    impartial consideration of all the evidence, you are convinced

15    beyond a reasonable doubt that the defendant is guilty, it is

16    your duty to find the defendant guilty.

Instruction No. 4

The evidence from which you are to decide what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits which have been received into evidence; and

(3) Any facts to which the lawyers have agreed or stipulated.

Instruction No. 5

In reaching your verdict, you may consider only the testimony, exhibits, and stipulations received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose.  When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

(4)  The charges against the defendant are contained in the Indictment.  The Indictment simply describes the charges the government brings against the defendant.  The Indictment is not evidence.  As I instructed you earlier, the defendant has pled not guilty to the charges in the Indictment.

(5)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Instruction No. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Instruction No. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case and any bias or prejudice, if any;

(5) Whether other evidence contradicted the witness's testimony;

(6) The reasonableness of the witness's testimony in light of all the evidence; and

(7) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but

do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Instruction No. 8

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Instruction No. 9

You have heard testimony that the defendant made certain statements.  It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them.  In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

Instruction No. 10

I will now instruct you on the law as it applies to the specific charges brought against the defendant in this case.  The Indictment charges defendant Robert Allen Pooley with (1) four counts of wire fraud in violation of Section 1343 of Title 18 of the United States Code and (2) two counts of aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

The Indictment also charges that the crimes charged against the defendant were committed "on or about" certain dates. The government does not have to prove that each crime occurred on an exact date.  The government only has to prove beyond a reasonable doubt that each crime was committed on a date reasonably close to the date alleged.

Instruction No. 11

The defendant is charged in Counts One through Four of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud the tandem instructor candidates, that is, with the intent to deceive and cheat them; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust.  That duty can arise either out of a

formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

1              Instruction No. 12

2              The defendant is charged in Counts 5 and 6 of the

3  indictment with aggravated identity theft in violation of Section

4  1028A of Title 18 of the United States Code.  For the defendant

5  to be found guilty of that charge, the government must prove each

6  of the following elements beyond a reasonable doubt:

7              First, the defendant knowingly used without legal

8  authority a means of identification of Yuri Garmashov;

9              Second, the defendant knew that the means of

10  identification belonged to a real person; and

11             Third, the defendant did so during and in relation to

12  the offense of wire fraud charged in Counts One though Four of

13  the indictment.

14             A signature qualifies as a "means of identification."

15             The term "legal authority" means "permission to act on

16  that person's behalf in a way that is not contrary to the law."

17             A means of identification is used "during and in

18  relation to" a crime when the means of identification is used in

19  a manner that is fraudulent or deceptive toward the tandem

20  instructor candidates and is at the crux of what makes the

21  conduct criminal.  Being "at the crux" requires more than a

22  causal relationship between the means of identification and the

23  wire fraud offense.  The defendant must have used the means of

24  identification itself to defraud or deceive the candidates.

25             The government need not establish that the means of

26  identification of another person was stolen or that the defendant

27  did not have consent to use it.

28

Instruction No. 13

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1                         Instruction No. 14

2              A defendant may be found guilty of the crimes charged

3    even if the defendant did not personally commit the acts

4    constituting the crime if the defendant willfully caused an act

5    to be done that if directly performed by him would be an offense

6    against the United States.  A defendant who puts in motion or

7    causes the commission of an indispensable element of the offense

8    may be found guilty as if he had committed this element himself.

1

Instruction No. 15

2        The punishment provided by law for these crimes is for

3  the court to decide.  You may not consider punishment in deciding

4  whether the government has proved its case against the defendant

5  beyond a reasonable doubt.

Instruction No. 16

When you begin your deliberations, you should select one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or

1  intention.

2      It is your duty as jurors to consult with one another

3  and to deliberate with one another with a view towards reaching

4  an agreement if you can do so.  During your deliberations, you

5  should not hesitate to reexamine your own views and change your

6  opinion if you become persuaded that it is wrong.

Instruction No. 17

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it, and do not seek or receive any information from any outside source about the case or anything to do with it.

Instruction No. 18

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Instruction No. 19

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court through the marshal that you are ready to return to the courtroom.

Instruction No. 20

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote-count in any note to the court.