HEATHER E. WILLIAMS, SBN 122664
Federal Defender
MIA CRAGER, SBN 300172
MEGHAN McLOUGHLIN, SBN 354051
Assistant Federal Defenders
801 I Street, Third Floor
Sacramento, California 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
ROBERT POOLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-CR-111-WBS |
| Plaintiff, | **BRIEF RE RESTITUTION** |
| vs. | |
| ROBERT POOLEY, | Date: November 12, 2024<br>Time: 10:00 A.M.<br>Judge: Hon. William B. Shubb |
| Defendant. | |

"Because the purpose of restitution is to put the *victim* back in the position he or she would have been but for the defendant's criminal conduct, the amount of restitution is limited to the victim's 'actual losses' that are a direct and proximate result of the defendant's offense[.]" *United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020) (citations and alterations omitted). "Actual loss" equals "the difference between '(1) the loss [the victim] incurred because of the unlawful conduct, [and] (2) the loss the [victim] would have incurred had [defendant] acted lawfully.'" *Id.* (quoting *United States v. Bussell*, 504 F.3d 956, 965 (9th Cir. 2007)).  In other words, the Court should consider what position the students would be in if Mr. Pooley had never offered them the tandem instructor course, and compare that to the loss they incurred from attending the course. *United States v. Brock-Davis*, 504 F.3d 991, 998 (9th Cir. 2007) ("[T]he 'purpose of restitution is ... to restore the defrauded party to the position he would have had absent the fraud.') (quoting *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004)).

"Consequential expenses may not be legally included in an order of restitution." *United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998) (citing *Sablan*, 92 F.3d at 870). Lost income caused by an offense is a "consequential damage" that is not subject to restitution. *Brock-Davis*, 504 F.3d at 1002 ("Even if the motel had lost income, moreover, lost revenue is a consequential damage and is excluded from restitution in cases such as this.") (citing 18 U.S.C. § 3663A(b)(1); *Stoddard,* 150 F.3d at 1147; *Sablan,* 92 F.3d at 870).

The defense objects to the government's proposed restitution and requests to be heard on each line item on the government's summary restitution table, many of which are not legally authorized or depend on unreliable or insufficient evidence. *See, e.g.*, *United States v. Waknine*, 543 F.3d 546, 555–59 (9th Cir. 2008) (remanding "[b]ecause the district court did not ensure that the restitution order was supported by sufficient, reliable evidence").

The defense also offers the following exhibits:

Exhibit 1: Fabian Munoz FAA 3rd class medical certificate from 2016.

Exhibit 2: Interview with receptionist at Office of Dr. Priest, who completed Fabian Munoz's medical; she indicated that it costs approximately $160 to obtain a 3rd class medical, not $500 as Mr. Munoz claimed while testifying under oath. *See* Gov't Exh. A-4.

Exhibit 3: Fabian Munoz's tandem instructor retraining documents, including apparently the same medical certificate to obtain a tandem instructor rating in late 2016.

Exhibit 4: Cross examination of Fabian Munoz demonstrating credibility issues with his changing story.

Exhibit 5: Government's Trial Exhibit 42 showing that Fabian Munoz was in the United States for approximately 1 month.

///

///

///

///

///

///

Exhibit 6: Interview with Julio Munoz, Fabian Munoz's former boss, whom Fabian Munoz claims offered him a job paying $5,000 USD per month. *See* Gov't Exh. B-3. The boss indicates that he never offered Fabian Munoz such a job, that such a job was never available at his drop zone, and that Fabian Munoz is an "untrustworthy" person who "lies all the time" to "manipulate others" in order to "get something from them." He reports that Fabian Munoz was fired from the drop zone because of dishonesty, including stealing money and lying to customers.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: November 6, 2024

*/s/ Mia Crager*
MIA CRAGER
MEGHAN McLOUGHLIN
Assistant Federal Defenders
Attorneys for Defendant
ROBERT POOLEY